19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
NEPCO EMPLOYEE MUTUAL BENEFIT ASSOCIATION, INC., Plaintiff-Appellee,
v.
Norma BRANDT and Charles Brandt, Defendants-Appellants.
 No. 93-1670.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 9, 1993.
Decided Feb. 22, 1994.
 
 Before FLOYD R. GIBSON,* CUMMINGS and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Defendants Charles and Norma Brandt appeal the grant of summary judgment in favor of NEPCO Employee Mutual Benefit Association, Inc. by the court below. We have reviewed de novo the issues presented to the district court, Russo v. Health, Welfare & Pension Fund, 984 F.2d 762, 765 (7th Cir.1993), and affirm that court's determination.
 
 Background
 
 2
 Plaintiff-appellee NEPCO Employee Mutual Benefit Association, Inc. ("NEPCO EMBA") is a self-funded "employee benefit plan" within the meaning of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1002(1). The plan was created and is governed by the NEPCO EMBA Articles of Association and is a voluntary health care plan covering eligible employees of the Georgia Pacific Corporation and their dependents. As wife of defendant Charles Brandt, a Georgia Pacific employee and participant in the NEPCO EMBA plan, defendant Norma Brandt was at all relevant times entitled to benefits under that plan. In July 1991, Norma Brandt suffered significant injuries in an automobile accident caused by the negligence of defendant Allstate Insurance Company's ("Allstate") insured, William Apfelbeck. NEPCO EMBA made payments of $156,977.59 for Mrs. Brandt's medical expenses.
 
 
 3
 NEPCO EMBA's Articles of Association provide that if an employee or dependant "is reimbursed for medical expenses incurred as the result of an injury by either the person causing such injury or that person's insurance, such payments that duplicate benefits paid by [NEPCO EMBA must] be refunded to" the plan (R. 19 at Article XI, Sec. 2).[1] NEPCO EMBA's executive committee--the administrator of the health care plan--interpreted this provision as entitling the plan to recover the medical payments it had made on behalf of Norma Brandt from any proceeds of Mr. Apfelbeck's insurance that Mrs. Brandt received.
 
 
 4
 Hoping to secure reimbursement of its outlays, NEPCO EMBA filed suit in the United States District Court for the Western District of Wisconsin against Charles and Norma Brandt and Allstate Insurance Company. Allstate subsequently tendered the $100,000 limit of Mr. Apfelbeck's insurance policy (currently being held in trust pending the outcome of this suit), and was dismissed from this suit pursuant to the stipulation of the remaining parties. Allstate is not party to this appeal.
 
 
 5
 In January 1993 plaintiff filed a motion for summary judgment. The Brandts filed a brief opposing this motion and requesting summary judgment in their favor. In February 1993 the district court granted summary judgment in favor of NEPCO EMBA. Giving broad deference to the NEPCO EMBA's executive committee's interpretation of reimbursement provision, the district court held that although the "insurance proceeds [at issue] were not explicitly designated to reimburse the Brandts for any particular expenses or damages," it was reasonable for the executive committee to determine that insurance payment was a "reimbursement[ ] for medical expenses." The Brandts now appeal the district court's determination. We have jurisdiction pursuant to 28 U.S.C. Sec. 1331.
 
 Analysis
 
 6
 The Brandts' principal argument on appeal is that the district court erred by broadly deferring to NEPCO EMBA's executive committee's determination that the plan was, by virtue of the reimbursement provision, entitled to the proceeds of Mr. Apfelbeck's insurance policy. The Brandts argue on appeal that since the NEPCO EMBA Articles of Association do not confer broad discretionary powers on NEPCO EMBA's executive committee, the committee's interpretation should have been reviewed de novo by the district court on summary judgment. Cf. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (district courts must review de novo the denial of benefits by a health plan administrator unless the plan gives the administrator discretionary authority to determine eligibility or to construe terms of the plan). The Brandts, however, have clearly waived this argument: in their briefs to the district court the Brandts not only failed to suggest that the district court should have reviewed NEPCO EMBA's executive committee's determination de novo, they actively suggested the district court should apply a deferential standard. See Brief in Opposition to Motion For Summary Judgement at 2; see also District Court's Memorandum and Order at 4 ("Defendants do not dispute the applicability of the deferential standard of review in this case."). Had the Brandts merely failed to raise the question of the appropriate degree of review below, the issue would have been waived unless "justice demand[ed] flexibility." Magicsilk Corp. of N.J. v. Vinson, 924 F.2d 123, 125 (7th Cir.1991) (arguments made for the first time on appeal are waived except in rare circumstances). Here, however, the Brandts not only failed to raise the issue below, they took a position contrary to the one they now urge this Court to adopt. We do not believe that justice requires that the Brandts--having found their previous position to be disadvantageous--now be allowed to reverse that position on appeal.
 
 
 7
 Nor are we persuaded by the Brandt's argument that we should review NEPCO EMBA's actions de novo because
 
 
 8
 after [the] Brandts had filed for appeal but before its initial brief had been submitted, [another judge on the United States District Court for the Western District of Wisconsin] issued an opinion and order [involving the identical plan an issue], and the court reviewed de novo [NEPCO EMBA's] interpretation of ... the [reimbursement] provision....
 
 
 9
 (R.Br. 2). The publication of Sanders v. Scheideler, 816 F.Supp. 1338 (W.D.Wis.1993), the defendants argue, "resolves the issue of which standard of review is to be applied in this case" (R.Br. 3). The decision in Sanders, however, is a district court opinion and in no way binds this Court. We need not overrule Sanders or even reach the question of the appropriate degree of scrutiny to which NEPCO EMBA's executive committee's actions must be subjected to hold, as we do here, that the Brandts by conceding the issue below forfeited their right to argue that a deferential review was inappropriate. Although we are sure that the Brandts wishes they had argued--as the employee covered by the NEPCO EMBA plan successfully argued in Sanders--that the NEPCO EMBA Articles of Association did not give its executive committee discretionary authority to interpret the plan, the fact is that they did not. And having failed to do so, they may not make the argument on appeal. City of Chicago v. Matchmaker Real Estate Sales Center, 982 F.2d 1086, 1101 (7th Cir.1992), certiorari denied sub nom. Ernst v. Leadership Council for Metropolitan Open Communities, 113 S.Ct. 296 (1993); Magicsilk Corp., 924 F.2d at 125.
 
 
 10
 Accordingly this Court, as the district court did below, will review NEPCO EMBA's executive committee's determination deferentially. Under that standard, we may only overturn the executive committee's determination if it was unreasonable. Cutting v. Jerome Foods, Inc., 993 F.2d 1293 (7th Cir.1993), certiorari denied, 114 S.Ct. 308 (1993). The conclusion that the $100,000 in insurance proceeds constituted a reimbursement for Mrs. Brandt's medical expenses is, however, completely reasonable: Mrs. Brandt's medical expenses significantly exceeded the amount of the insurance proceeds and Mrs. Brandt did not offer NEPCO EMBA or the district court any estimate of her non-medical costs. Since the $156,977.59 medical bill paid by NEPCO EMBA was the only cost for which proof was offered, it was not unreasonable to conclude that the Allstate insurance proceeds "duplicated" NEPCO EMBA's payments.
 
 
 11
 The determination of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Floyd R. Gibson of the United States Court of Appeals for the Eighth Circuit is sitting by designation
 
 
 [1]
 As the district court noted, this language and not the language contained in the plan summary, "Employees Group Medical Expense Benefits Plan," controls the present controversy. Cf. Senkier v. Hartford Life & Accident Insurance Co., 948 F.2d 1050, 1051 (7th Cir.1991)